Debtor   **Stella Gracelynn Short**
United States Bankruptcy Court for the   **MIDDLE DISTRICT OF TENNESSEE**   ☐ Check if this is an
[Bankruptcy district]   amended plan
Case number:

Official Form 113
Chapter 13 Plan

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☐ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☑ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☑ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*
☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
**$1,405.00 Monthly for 60 months**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

Debtor **Stella Gracelynn Short**  Case number

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
  ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $**84,300.00**.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**
*Check one.*
  ☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Habitat For Humanity, Nashville Area** | **3840 Swan Bridge Drive Antioch, TN 37013 Davidson County** | $657.00 (Class 3) Disbursed by: ☑ x Trustee ☐ x Debtor(s) | $3,456.88 through July, 2016; GAP ARREARS AUG AND SEPT $1,314.00 | 0.00%e | (Class 6) | $44,190.88 |
| **Hamilton Chase Owners Assoc** | **3840 Swan Bridge Drive Antioch, TN 37013 Davidson County** | $12.50 (Class 3) Disbursed by: ☑ x Trustee ☐ x Debtor(s) | $240.00 through July, 2016; GAP ARREARS AUG AND SEPT $25.00 | 0.00%e | (Class 6) | $1,015.00 |

Insert additional claims as needed.

3.2 Request for valuation of security and claim modification. *Check one.*
  ☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

  *Check one.*
  ☑ The claims listed below were either:

   (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

Debtor **Stella Gracelynn Short**     Case number _____

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly play payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Inland Bank | 2013 Dodge Journey 90,000 miles Vin# 3C4PDCAB2DT715908 | $13,841.91 | 6.50% | $270.83 (Class 4) Disbursed by: ☑ Trustee ☐ Debtor(s) | $16,249.80 |

*Insert additional claims as needed.*

3.4 Lien avoidance

    Check one.

**The remainder of this paragraph will be effective only if the applicable box on Part 1 of this plan is checked.**

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). A judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim | |
|---|---|---|---|---|
| **Name of Creditor** **Mariner Finance** | a. Amount of lien | $1,933.29 | **Amount of secured claim after avoidance** (line a minus line f) | |
| | b. Amount of all other liens | $0.00 | | |
| | c. Value of claimed exemptions | $0.00 | | |
| **Collateral** **HHG** | d. Total of adding lines a, b, and c | $1,933.29 | **Interest rate** (if applicable) _____ % | |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) **Non-Purchase Money Security** | e. Value of debtor's interest in property | -$0.00 | **Monthly plan payment** | |
| | f. Subtract line e from line d. | $1,933.29 | | |
| | Extent of exemption impairment *(Check applicable box)* ☑ **Line f is equal to or greater than line a.** The entire lien is avoided *(Do not complete the next column)* ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | | Estimated total payments on secured claim _____ | |
| **Name of Creditor** **Personal Finance Co LLC** | a. Amount of lien | $679.00 | **Amount of secured claim after avoidance** (line a minus line f) | |
| | b. Amount of all other liens | $0.00 | | |
| | c. Value of claimed exemptions | $0.00 | | |
| **Collateral** **HHG** | d. Total of adding lines a, b, and c | $679.00 | **Interest rate** (if applicable) _____ % | |

APPENDIX D      Chapter 13 Plan      Page 3

| Debtor | **Stella Gracelynn Short** | Case number | |
|---|---|---|---|

**Lien identification** (such as judgment date, date of lien recording, book and page number)
**Non-Purchase Money Security**

e. Value of debtor's interest in property  **-$0.00**

f. Subtract line e from line d.  **$679.00**

**Monthly plan payment**

Extent of exemption impairment
*(Check applicable box)*

[✓] **Line f is equal to or greater than line a.**

The entire lien is avoided *(Do not complete the next column)*

[ ] **Line f is less than line a.**
A portion of the lien is avoided. *(Complete the next column)*

Estimated total payments on secured claim

Insert additional claims as needed.

**3.5 Surrender of collateral.**

Check one
[✓] **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$4,014.00**.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,000.00 (Class 5)**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*
[✓] The debtor estimates that the total amount of other priority claims to be $**310.00 (Classes 1 & 2)**

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.
[✓] **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
[ ] The sum of $
[✓] **20.00** % of the total amount of these claims. (Class 7)
[ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

Debtor     **Stella Gracelynn Short**                                Case number

☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims. Check one.**

☑    **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** Check one.

☑    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Order of Distribution of Trustee Payments

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**
   1. **Filing Fee**
   2. **Notice Fee**
   3. **Continuing Mortgage Payments**
   4. **Monthly Payments on Secured Debts**
   5. **Attorney's Fees**
   6. **Mortgage Arrears**
   7. **General Unsecured Claims**
   8. **§1305 Claims**

### Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
☐ plan confirmation.
☑ entry of discharge.
☐ other:

### Part 9: Nonstandard Plan Provisions

Under Bankruptcy Rule 3015(c), nonstandard provisions are required to be set forth below.

**These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**

**Adequate Protection Payments are to be paid as follows:**
**Inland Bank @ $25.00**

**Postpetition Claims. Claims allowed pursuant to § 1305 shall be paid in full, but subordinated to distributions to allowed unsecured claims.**

**Notwithstanding the confirmation of this plan the debtor(s) and the trustee reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with § 502(b) and to challenge the standing of any party to assert any such claim.**

**Confirmation of this Plan imposes upon any claimholder treated under § 3.1 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.**

**The Trustee may adjust the post-petition regular payments noted above and payments to the plan in paragraph 3 upon filing**

notice of such adjustment to debtor, debtor's attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

**The Trustee is authorized to pay any post-petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. and as to which no objection is raised, at the same disbursement level as the arrears claim noted above.**

**Part 10: Signatures:**

X **/s/ Edgar M Rothschild, Mary Beth Ausbrooks**    Date **July 15, 2016**
**Edgar M Rothschild, Mary Beth Ausbrooks**
**Signature of Attorney for Debtor(s)**

X **/s/ Stella Gracelynn Short**    Date **July 15, 2016**
**Stella Gracelynn Short**

X _____    Date _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**